IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEFFER RAY CLAYTON, #70882**                                   **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 1:08-cv-251-HSO-JMR**

**ALVIN CHASE**                                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal of this cause. Plaintiff, an inmate at the George County Correctional Facility, Lucedale, Mississippi, filed this Complaint pursuant to 42 U.S.C. § 1983. The only named Defendant is Alvin Chase, an attorney whom the Plaintiff hired to represent him in a criminal matter. Plaintiff seeks as relief monetary damages and the return of his legal paper work.

### Background

Plaintiff asserts that he paid the Defendant $3,000.00 as a partial fee to represent him in his criminal matter. According to Plaintiff, he spoke to the Defendant two or three more times before the Defendant failed to return his phone calls or contact him in any way.

### Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. As discussed below, Plaintiff's § 1983 action at this time fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Initially, this Court notes that in order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right "secured by the Constitution and the laws" of the United States and that the person depriving Plaintiff of this right acted "under color of any statute" of the State. *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988).

It is clear that the Defendant was not a state actor under these allegations. The mere fact that Defendant Chase is an attorney who represented Plaintiff does not establish that he was a state actor. *Polk County v. Dodson*, 454 U.S. 312, 319 n.9, 325 (1981). The record indicates that Defendant Chase is a private citizen and was privately employed as Plaintiff's defense attorney. Any deprivation Plaintiff allegedly suffered from Defendant Chase was not "under color of state law." The Court finds that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983; therefore, this action should be dismissed.

## Conclusion

As discussed above, Plaintiff has failed to present an arguable constitutional claim in law or fact in order to maintain this particular cause of action against the named Defendant. Consequently, this Complaint will be dismissed as for failure to state a claim pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii), with prejudice.

Three-strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike".[1]  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED AND ADJUDGED, this the 16th day of July, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."